UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENJAMIN TARIRI,
    Plaintiff,

v.

CIVIL ACTION NO.
10-12246-NMG

CHASE HOME FINANCE, LLC
and FEDERAL DEPOSIT INSURANCE
CORPORATION,
    Defendants.

**REPORT AND RECOMMENDATION RE:**
**DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR**
**WASHINGTON MUTUAL BANK'S MOTION TO DISMISS FOR LACK OF SUBJECT**
**MATTER JURISDICTION (DOCKET ENTRY # 11); DEFENDANT CHASE HOME**
**FINANCE, LLC'S MOTION TO DISMISS**
**(DOCKET ENTRY # 17)**

**June 9, 2011**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to dismiss the amended complaint filed by defendant Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank ("FDIC"). Docket Entry # 11). The FDIC seeks to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. ("Rule 12(b)(1)"). (Docket Entry # 11). Also pending before this court is a motion to dismiss filed by defendant Chase Home Finance, LLC ("Chase"). (Docket Entry # 17). Chase seeks to dismiss counts I trough V and VIII

pursuant to Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"). (Docket Entry # 17). On May 13, 2011, this court held a hearing and took the motions (Docket Entry ## 11 & 17) under advisement.

PROCEDURAL BACKGROUND

Plaintiff Benjamin Tariri ("plaintiff") brought this action against Chase and defendant Washington Mutual Bank ("WaMu") on September 13, 2010, in Massachusetts Superior Court (Suffolk County). (Docket Entry # 9). On December 28, 2010, Chase removed the action to this court. (Docket Entry # 1). On December 29, 2010, the FDIC filed an assented to motion to be substituted for WaMu, which the court allowed. (Docket Entry # 5).

The eight count amended complaint sets out the following claims against Chase and FDIC: (1) fraud in the inducement; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) negligence; (5) money had and received; (6) fraud; (7) fraud in the factum; and (8) intentional infliction of emotional distress. (Docket Entry # 8).

The FDIC argues that the amended complaint is subject to dismissal because plaintiff has not exhausted the statutory receivership claims process mandated under 12 U.S.C. § 1821(d) ("section 1821(d)"). (Docket Entry # 11). In addition, the FDIC argues that even if plaintiff exhausted the receivership claims process, this court lacks subject matter jurisdiction under

section 1821(d)(6)(A). (Docket Entry # 11). Chase argues that counts I through V and VIII are subject to dismissal because Chase is not a proper defendant. (Docket Entry # 17).

This court initially addresses FDIC's motion to dismiss for lack of subject matter jurisdiction (Docket Entry # 11) because jurisdiction is required in order to reach any ruling on the merits. See Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) (when "federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case"); see also Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 45 (1st Cir. 2003) (merits of claim are irrelevant when federal court lacks jurisdiction).

I. MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)
STANDARD OF REVIEW

"Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction." Valentin v. Hospital Bella Vista, 254 F.3d 358, 362-363 (1st Cir. 2001). Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed. See Kennedy v. Town of Billerica, 594 F.Supp. 2d 117, 121 (D.Mass. 2009); see also Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). A court should treat all well pleaded facts as true and provide the plaintiff the benefit of

all reasonable inferences. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

When ruling on a Rule 12(b)(1) motion "the court may consider whatever evidence has been submitted, such as depositions and exhibits submitted in this case." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Dismissal is only appropriate when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include factual allegations that when taken as true demonstrate a plausible claim to relief even if actual proof of the facts is improbable. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-558 (2007). Thus, while "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." Boroian v. Mueller, 616 F.3d 60, 65 (1st Cir. 2010) (internal quotation marks omitted). "[A]ccepting as true all well-pleaded facts in the complaint and making all reasonable inferences in the plaintiff's favor," Id. at 64, the "factual allegations 'must be enough to raise a right to relief above the speculative level.'" Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010).

FACTUAL BACKGROUND

The amended complaint alleges that in early summer of 2007 plaintiff applied to WaMu for a mortgage. (Docket Entry # 8). WaMu approved plaintiff's application for a loan in the amount of $1.68 million. (Docket Entry # 8, Ex. A). On August 22, 2007, WaMu sent plaintiff a commitment letter (Docket Entry # 8, Ex. A), which specified the terms of the mortgage, including the interest rate and other costs, specifically stating that there would be no loan fees or discount fees. WaMu also sent plaintiff a document entitled Truth In Lending Disclosure Statement (Docket Entry # 8, Ex. B) as well as a Good Faith Estimate (Docket Entry # 8, Ex. C). On September 14, 2007, the day of the closing, the settlement statement given to plaintiff included $25,000 for loan origination and discount fees. (Docket Entry # 8, Ex. D). Additionally, the interest rate was listed as 7.875%, which plaintiff alleges is higher than the agreed upon rate. (Docket Entry # 8). Despite plaintiff's alleged protests, the deal closed on that day. (Docket Entry # 8, Ex. D).

On September 25, 2008, the Office of Thrift Supervision declared WaMu insolvent and appointed the FDIC as receiver for WaMu, which the FDIC accepted. (Docket Entry # 12, Ex. A & B). On the same day, the FDIC sold the assets and certain designated liabilities of WaMu to Chase, pursuant to a Purchase and Assumption Agreement ("P&A Agreement"). (Docket Entry # 12, Ex.

5

C). Under Article II, Section 2.5 of the P&A Agreement, all claims for monetary relief arising out of WaMu's lending activities prior to failure were expressly excluded from any liabilities Chase assumed under the P&A Agreement. (Docket Entry # 12, Ex. C).

In its capacity as receiver for WaMu, the FDIC established December 30, 2008, as the claims bar date, which is the deadline for filing administrative claims against the FDIC as receiver for WaMu. (Docket Entry # 12, Ex. D). In connection with the receivership of WaMu, the FDIC claims office prepared a Publication Notice to Creditors and Depositors of WaMu. (Docket Entry # 12, Ex. D). The Publication Notice was published in several newspapers, including *The Seattle Times* and *The Wall Street Journal*. (Docket Entry # 12, Ex. D).

In 2008 and 2009, plaintiff applied to WaMu and Chase for a modification of the loan under the Making Home Affordable Program as well as the HOPE NOW mortgage relief plan. (Docket Entry # 8). In addition, plaintiff provided WaMu and Chase with multiple financial documents. (Docket Entry # 8, Ex. E & F). The amended complaint alleges that plaintiff has not yet been informed whether his request for a loan modification has been approved, which has caused plaintiff severe emotional distress. (Docket Entry # 8).

On September 21, 2010, after learning that plaintiff had filed the original complaint in this action, the FDIC mailed a

"Notice to Discovered Creditor – Proof of Claim" to plaintiff. (Docket Entry # 12, Ex. E). The notice advised plaintiff that although the claims bar date had already passed, the FDIC may consider the claim if plaintiff satisfied certain conditions, including submitting a Proof of Claim by December 20, 2010. (Docket Entry # 12, Ex. E). The notice also instructed that the Proof of Claim should be accompanied by documentation proving, to the FDIC's satisfaction, that plaintiff did not have knowledge of the appointment of the FDIC as receiver of WaMu in time to file a claim by the claims bar date. (Docket Entry # 12, Ex. E). On or about December 30, 2010, the FDIC received a Proof of Claim submitted by plaintiff. (Docket Entry # 19, Ex. B). On January 6, 2011, the FDIC sent by certified mail to plaintiff a Notice of Disallowance of Claim. (Docket Entry #12, Ex. F).

## DISCUSSION

In seeking to dismiss this action due to lack of subject matter jurisdiction, the FDIC argues that this court lacks jurisdiction because the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12. U.S.C. § 1821, specifies that only the United States District Court for the Western District of Washington and the United States District Court for the District of Columbia have jurisdiction to review plaintiff's claims against the FDIC as receiver for WaMu. 12 U.S.C. § 1821(d)(6)(A). The FDIC also points out correctly that

a claimant must have exhausted the statutory receivership claims process outlined in section 1821(d). Indeed, "exhaustion of FIRREA's administrative remedies is a jurisdictional prerequisite to suit in district court." Bueford v. Resolution Trust Corp., 991 F.2d 481, 484 (8th Cir. 1993); see Heno v. Federal Deposit Insurance Corporation, 20 F.3d 1204, 1207 (1st Cir. 1994); Marquis v. Federal Deposit Insurance Corporation, 965 F.3d 1148, 1151 (1st Cir. 1992); Federal Deposit Insurance Corporation v. Shain, Schaffer & Rafanello, 944 F.2d 129, 132 (3rd Cir. 1991).

Here, plaintiff did not exhaust the receivership claims process because he did not file a claim with the FDIC claims office prior to the claims bar date. Even assuming dubitante that plaintiff adequately exhausted the receivership claims process, however, this court lacks subject matter jurisdiction in light of section 1821(d)(6)(A).

Section 1821(d)(6)(A) limits the jurisdiction of the federal court in a claim filed by a claimant against the FDIC as receiver. The pertinent provision of the statute is as follows:

> The claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A). Section 1821(d)(6)(A) specifies that a claimant may file a case in federal court in the district court

8

for the district in which WaMu's principal place of business is located or the United States District Court for the District of Columbia.

As explained by the First Circuit in <u>Lloyd v. Federal Deposit Insurance Corporation</u>, 22 F.3d 355, 338 (1st Cir. 1994), although "it might seem sensible to allow for suits of the sort to be tried in the district where the transaction occurred and where the court is likely to be most familiar with any applicable local law, the statutory language, especially that of § 1821(d)(13)(D)," compels the court to follow the language of section 1821(d)(6)(A). <u>Id.</u>  Section 1821(d)(13)(D) unequivocally states:

> (D) Limitation on judicial review
> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> (i) Any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) Any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).  The referenced exception, to wit, "otherwise provided in this subsection," is section 1821(d)(6)(A), which limits federal court jurisdiction to the two abovementioned courts.  Thus, the combination of sections 1821(d)(6)(A) and (d)(13)(D) effectively limits federal court jurisdiction to two statutorily specified jurisdictions.  See <u>Augienello v. Federal Deposit Insurance Corporation</u>, 310

9

F.Supp.2d 582, 589 (S.D.N.Y. 2004); Resolution Trust Co. v. J.F. Associates, 813 F.Supp. 951, 954 (N.D.N.Y. 1993); Mansolillo v. Federal Deposit Insurance Corporation, 804 F.Supp. 426, 428 (D.R.I. 1992).

Plaintiff argues that the district court of the United States for the district within which WaMu's principal place of business is located and the United States District Court for the District of Columbia do not have personal jurisdiction over plaintiff, pursuant to Rule 12(b)(2), Fed. R. Civ. P. (Docket Entry # 19). Specifically, plaintiff argues that there are not "minimum contacts" between plaintiff and the state and district in which these courts are located. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The decision of the Supreme Court in International Shoe, however, stands for the principle that a court should not assert personal jurisdiction over a non-resident defendant that lacks minimum contacts with the forum state. Id. The decision has no effect on plaintiff's due process rights under FIRREA's jurisdictional forum provision.

WaMu's principal place of business is located in the Western District of Washington. (Docket Entry # 14). Thus, in accordance with section 1821(d)(6)(A), plaintiff must file suit in the District Court for the Western District of Washington or the United States District Court for the District of Columbia. See Lloyd, 22 F.3d at 338; White v. Chase Bank USA, NA, 2010 WL 3782399, at *5 (S.D.Ohio Sept. 28, 2010). Plaintiff, however,

10

did not bring suit in one of the two statutorily mandated federal courts.  12 U.S.C. § 1821(d)(6)(A).  Congress has specifically limited the jurisdictional reach of the courts in cases involving claims against failed financial institutions that have been placed in receivership.  Shain, Schaffer & Rafanello, 944 F.2d at 132.  Thus, section 1821(d) bars plaintiff's claim and dismissal of the amended complaint is therefore appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction.

II.   MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

In seeking to dismiss counts I through V and VIII pursuant to Rule 12(b)(6), Chase argues that it is not the proper defendant for the claims alleged in the pertinent counts of the amended complaint.  (Docket Entry # 17).

When the FDIC was appointed receiver to WaMu, the FDIC succeeded to all rights, titles, powers and privileges of the insured depository institution.  12 U.S.C. § 1821(d)(2)(A)(i). Further, the FDIC may:

>    (i) Take over the assets of and operate the insured
>    depository institution with all the powers of the members or
>    shareholders, the directors, and the officers of the
>    institution and conduct all business of the institution;
>    (ii) Collect all obligations and money due the institution;
>    (iii) Perform all functions of the institution in the name
>    of the institution which are consistent with the appointment
>    as conservator or receiver; and
>    (iv) Preserve and conserve the assets and property of such
>    institution.

12 U.S.C. § 1821(d)(2)(B). Additionally, the FDIC retained the power to "merge the insured depository institution with another insured depository institution; or . . . transfer any asset or liability of the institution in default . . . without any approval, assignment, or consent with respect to such transfer." 12 U.S.C. § 1821(d)(2)(G)(i). Subsequently, the FDIC transferred specific liabilities to Chase. The P&A Agreement limits the liabilities that the FDIC reserves in this transfer.

Under Article II, Section 2.5 of the P&A Agreement, all claims related to WaMu's prior lending activity, such as those asserted by plaintiff, were expressly excluded from any liabilities Chase assumed. Section 2.5 reads as follows:

> Borrower Claims. Notwithstanding anything to contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed bank, or otherwise arising in connection with the failed bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

(Docket Entry # 12, Ex. C). In discussing this provision of the P&A Agreement, the First Circuit noted in another case that:

> When Washington Mutual failed, Chase Bank acquired many assets but its agreement with the FDIC retains for the FDIC "any liability associated with borrower claims for payment of or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower."

12

Thus the FDIC was and remains the appropriate party in interest.

Yeomalakis v. Federal Deposit Insurance Corporation, 562 F.3d 56, 60 (1st Cir. 2009); see Caires v. JP Morgan Chase Bank, 745 F.Supp.2d 40, 50 (D.Conn. 2010) ("the Court finds that the language of the parties' Purchase and Assumption agreement is dispositive and that Chase did not assume liabilities against WaMu arising from its lending or loan activities prior to September 25, 2008, and that those liabilities remained with the FDIC as receiver").

WaMu created plaintiff's loan prior to the bank's failure. Plaintiff's claim therefore falls within Article II, Section 2.5 of the P&A Agreement. Accordingly, Chase did not assume plaintiff's liabilities and Chase is not a proper defendant for counts I through V and VIII. Article II, Section 2.5 of the P&A Agreement bars plaintiff's claims in counts I through V and VIII against Chase and therefore dismissal of Chase as a defendant is appropriate under Rule 12(b)(6).

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[1] that the FDIC's motion to dismiss pursuant to Rule

---

[1] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the

13

12(b)(1) (Docket Entry # 11) be **ALLOWED** and Chase's motion to

dismiss pursuant to Rule 12(b)(6) (Docket Entry # 17) be **ALLOWED.**

                                                       /s/ Marianne B. Bowler
                                                     **MARIANNE B. BOWLER**
                                                     United States Magistrate Judge

---

objections.  Failure to file objections within the specified time waives the right to appeal the order.